tively unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a).

We review Rodriguez's procedural argument for plain error because he did not timely object to the adequacy of the district court's reasons for selecting the sentence. *See United States v. Peltier,* 505 F.3d 389, 391–92 (5th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 2959, 171 L.Ed.2d 892 (2008). To show plain error, Rodriguez must identify an error that is clear or obvious and that affects his substantial rights. *United States v. Baker,* 538 F.3d 324, 332 (5th Cir.2008). And even if he makes such a showing, giving us the discretion to correct the error, we may only do so if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court's statements at sentencing were adequate to show that it had considered Rodriguez's contentions and the pertinent sentencing factors. *See Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). We disagree with Rodriguez's reading of *Kimbrough.* The question presented in *Kimbrough* was whether "a sentence ... outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S.Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Id.* at 575. The *Kimbrough* Court said nothing about the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by our decision in *United States v. Campos–Maldonado,* 531 F.3d 337, 338–39 (5th Cir.2008), *cert. denied,* —— U.S. ——, 129 S.Ct. 328, 172 L.Ed.2d 236 (2008), which involved a similar challenge to § 2L1.2. The appellate presumption is therefore applicable in this case.

After reviewing the record on appeal for procedural errors and considering the substantive reasonableness of the sentence, we conclude that Rodriguez has failed to show that his sentence is not entitled to a presumption of reasonableness, much less overcome that presumption. Accordingly, the judgment of the district court is AFFIRMED.

**WABASH NATIONAL TRAILER CENTERS INC., Plaintiff–Appellant**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Defendant–Appellee.**

No. 08–50341.

United States Court of Appeals, Fifth Circuit.

Dec. 15, 2008.

Brian Lynn Blakeley, Blakeley & Reynolds, San Antonio, TX, for Plaintiff–Appellant.

Frank M. Kennedy, Ellen Mary Van Meir, Thompson, Coe, Cousins & Irons, Dallas, TX, for Defendant–Appellee.

Before JONES, Chief Judge, JOLLY, Circuit Judge, and MONTALVO, District Judge.*

PER CURIAM: **

AFFIRMED. *See* 5TH CIR. R. 47.6.

**David JAMES, Plaintiff–Appellant**

**v.**

**Laurence MELLEN, Individually and In his Official Capacity as District Attorney, Circuit Court District 11; The State of Mississippi, Haley Barbour, Governor, Defendants–Appellees.**

No. 08–60285
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 15, 2008.

Willie Griffin, Bailey & Griffin, Greenville, MS, for Plaintiff–Appellant.

---

* District Judge of the Western District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.